UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80892-CIV-BLOOM/VALLE

VIRGINIA L. SKILES, as personal
representative of the Estate of
Marvin E. Skiles,

    Plaintiff,

vs.

CAREPLUS HEALTH PLANS, INC., and
BOCA RATON REGIONAL HOSPITAL,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO REMAND

This matter is before the Court upon Plaintiff Virginia L. Skiles' Motion to Remand. ECF No. [5]. Skiles, as personal representative of the Estate of Marvin E. Skiles, her deceased husband, commenced this action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* ECF No. [1-3]. In her Complaint, she asserts claims for negligence (Count I), breach of contract (Count II), and breach of fiduciary duty (Count III) against Defendant, CarePlus Health Plans, Inc. ("CarePlus"), as well as one claim for negligence against Boca Raton Regional Hospital, Inc. ("Boca Regional") (Count IV). *See id.* Her claims arise from the alleged wrongful death of her husband, Marvin Skiles ("Mr. Skiles"). *Id.* On October 16, 2012, Mr. Skiles underwent a colonoscopy procedure. *Id.* at ¶ 7. Following the procedure, Mr. Skiles developed a distended abdomen and began suffering discomfort. *Id.* at ¶ 8. The treating doctor suspected the cause to be a perforated bowel, a potentially fatal condition when not treated immediately. *Id.* at ¶ 9. Accordingly, the doctor ordered Mr. Skiles to undergo

1

an x-ray to determine whether surgery was urgently needed; however, despite the emergency, Mr. Skiles' HMO provider, CarePlus, allegedly denied the authorization for the x-ray. *Id.* at ¶¶ 9-10.  Because Mr. Skiles could not afford to pay the cost of the x-ray out-of-pocket, he did not undergo one. *Id.* at ¶¶ 11-12.  As a result, the diagnosis of his perforated bowel was delayed until his condition had deteriorated substantially, causing his untimely death. *Id.* at ¶¶ 12-13.

On July 3, 2014, CarePlus removed the case to Federal Court pursuant to 28 U.S.C. § 1442(a)(1) on the ground that its actions were made under the direction of a federal agency. *See* ECF No. [1]. The party invoking this Court's jurisdiction bears the burden of proof and must support its allegations of jurisdictional facts with competent proof. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).  Although a defendant has a statutory right to remove an action to federal court, "the right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts." *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2219730, at *1 (S.D. Fla. June 2, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  Thus, "when the court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand." *Id.* (citing *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th 1997)); *see also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) ("[I]t is axiomatic that ambiguities are generally construed against removal." (citation and internal quotation marks omitted)).  When conducting such an inquiry, a court's inquiry centers on the well pleaded allegations contained in the complaint. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Pursuant to the federal officer removal statute, a civil or criminal action may be removed when such action is against "[a]ny officer of the United States or any agency thereof, or person

acting under him, for any act under color of such office." 42 U.S.C. § 1442(a)(1); *see also Marley v. Elliot Turbomachinery Co., Inc.*, 545 F. Supp. 2d 1266, 1271 (S.D. Fla. 2008) (noting that "[a] state-court action against any person acting under the direction of an officer of the United States or its agencies can be removed to federal court"). Even where federal jurisdiction may not be apparent within the four corners of a complaint, Congress has provided § 1442(a)(1) as means for a federal court to hear cases "where federal officials must raise defenses arising from their official duties." *Marley*, 545 F. Supp. 2d at 1271 (quoting *Magnin v. Teledyne Cont'l Motors,* 91 F.3d 1424, 1427 (11th Cir. 1996)). The purpose of the statute "is to permit the removal of those actions commenced in state court that expose a federal official to potential civil liability or criminal penalty for an act performed under color of office." *Magnin*, 91 F.3d at 1427. Removal under § 1442(a)(1) is permissible when two requirements are met. First, "the defendant must establish that there is a 'causal connection between what the officer has done under asserted official authority' and the action against him." *Marley*, 545 F. Supp. 2d at 1271 (quoting *Maryland v. Soper,* 270 U.S. 9, 33 (1926)). Second, "the defendant must advance a 'colorable defense arising out of [his] duty to enforce federal law.'" *Magnin,* 91 F.3d at 1427 (quoting *Mesa v. California*, 489 U.S. 121, 133 (1989) (further citations omitted). The federal defense need only be "colorable;" the defendant need not establish that he will necessarily be successful. *Id.* at 1429.

CarePlus asserts that it acted under the direction of the Centers for Medicare & Medicaid Services ("CMS"), a federal agency. ECF No. [1] at 2. CarePlus has a contract with CMS to administer Medicare benefits through its Medicare Advantage plans. Congress specifically authorized Medicare beneficiaries to receive Medicare coverage through private plans such as CarePlus. 42 U.S.C. § 1395w-21(a)(1)(A); 42 U.S.C. § 1395w-22 *et seq.* The decedent, Mr.

3

Skiles, is a Medicare beneficiary and a member of one of CarePlus's Medicare Advantage plans. ECF No. [1-3] at ¶ 6. However, Skiles contends that removal under 28 U.S.C. § 1442(a)(1) is impermissible when the defendant is merely a provider of Medicare benefits and subject to federal Medicare regulations. *See* ECF No. [5]. In response, CarePlus avers that the alleged denial of authorization—a determination regarding the beneficiary's Medicare benefits—would have been made pursuant to its contract with CMS and federal regulations. *Id.* at 10-11. Disputing the fact that authorization was denied, CarePlus cites 42 C.F.R. § 422.113. Pursuant to the regulations governing CarePlus's administration of Medicare benefits, a provider is "financially responsible for emergency and urgently needed services . . . [r]egardless of whether there is prior authorization for the services" and, further, a provider may not include "[i]nstructions to seek prior authorization for emergency or urgently needed services." *See* 42 C.F.R. § 422.113(b)(2).

According to the Complaint, CarePlus knew that prior authorization was not required but nonetheless informed Boca Regional that Mr. Skiles could not undergo the x-ray without such authorization. Further, Skiles' Complaint states that CarePlus failed to administer the policy in a manner consistent with its own internal policies and procedures. Although Skiles' claim sounds in tort, the initial dispute arises from CarePlus's alleged failure to adhere to the contract between it and Mr. Skiles—the mere fact that CarePlus maintains a contract with CMS regulating how such services are to be provided is insufficient to conclude that CarePlus was "acting under the direction of an officer of the United States or its agencies." *See Marley*, 545 F. Supp. 2d at 1271.

Skiles' argument against removal relies on *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314 (S.D. Fla. 2004). In *Kennedy*, a plaintiff brought breach of contract and fiduciary duty claims stemming from her alleged premature release from hospital care. *Id.* at 1315-16. The

defendant removed, claiming jurisdiction pursuant to the federal officer removal statute. *Id.* In finding that removal was improper, the Court noted that the presence of federal regulations does not, in and of itself, confer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). *Id.* at 1318.  Without a direct causal connection to the decision generating plaintiff's claim, the mere contractual arrangement between the defendant and the Health Care Financing Administration does not "constitute the direct and detailed control that is required to assert federal jurisdiction." *Id.* (citation omitted).

Following this reasoning, Skiles asserts that CarePlus has offered no evidence that its decision to not authorize Mr. Skiles' x-ray was "directed" or "controlled" by a federal agency. *See* ECF No. [5].  Indeed, CarePlus does not point to federal regulations and claim that it was directed to act in a certain manner in this case.  Rather, the dispute is a factual one, that is, whether CarePlus inappropriately denied authorization for Mr. Skiles' x-ray.  If CarePlus denied authorization, then CarePlus likely breached their agreement with Mr. Skiles.  As noted by this Court in *Kennedy*, the mere presence of a federal regulatory scheme is insufficient to confer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1); simply because CarePlus maintains a contract with a federal agency requiring it to abide by certain regulations does not yield the conclusion that any dispute implicating such contract will fall within the purview of the federal officer removal statute.  The connection between the alleged decision and the harm suffered is tenuous at best.  To hold otherwise would significantly broaden the scope of the federal officer removal statute.

As the Court finds that CarePlus was not acting under the color of a federal agency, the Court need not reach the second inquiry, namely whether CarePlus has advanced a colorable federal defense.  For the foregoing reasons, it is **ORDERED and ADJUDGED** that

1. Plaintiff's Motion to Remand, **ECF No. [5]**, is **GRANTED**. This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2. All other motions are **DENIED** as moot.

3. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 29th day of August, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record