UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-80892-BLOOM/Valle

VIRGINIA L. SKILES, as personal
representative of the Estate of
Marvin E. Skiles,

      Plaintiff,

vs.

CAREPLUS HEALTH PLANS, INC., and
BOCA RATON REGIONAL HOSPITAL,

      Defendants.

_____/

## ORDER ON MOTION TO REOPEN AND FOR STAY PENDING APPEAL

This matter is before the Court upon Defendant CarePlus Health Plans, Inc.'s ("CarePlus") Motion to Reopen and for Stay Pending Appeal, ECF No. [36]. On May 30, 2013, Plaintiff Virginia L. Skiles ("Skiles") commenced this action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, asserting claims for negligence, breach of contract, and breach of fiduciary duty stemming from the untimely death of her husband due to CarePlus' alleged denial of authorization to undergo an x-ray procedure. *See* ECF No. [1-3]. On July 3, 2014, CarePlus removed the case to Federal Court pursuant to 28 U.S.C. § 1442(a)(1) on the ground that its actions were made under the direction of a federal agency. *See* ECF No. [1]. Shortly after removal, Skiles sought remand of the matter back to state court, alleging that removal under 28 U.S.C. § 1442(a)(1) was inappropriate where the defendant is simply a provider of Medicare benefits subject to federal Medicare regulations. *See* ECF No. [5]. Skiles further averred that although CarePlus maintained a contract with the Centers for Medicare &

Medicaid Services ("CMS"), a federal agency, it had not sufficiently demonstrated that it was acting under the direction and control of a federal agency when it denied authorization for her husband's x-ray. *See id.* Relying on the reasoning in *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314 (S.D. Fla. 2004), the Court granted Skiles' motion, remanding the matter to Florida state court and finding that "the mere presence of a federal regulatory scheme [was] insufficient to confer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1)." *See* ECF No. [32].  On September 10, 2014, CarePlus filed a notice of appeal thereby informing the Court of its appeal of the Court's order granting remand.[1]  ECF No. [35].  Now, as a result of the pending appeal, CarePlus requests that the Court reopen the case and grant stay pending resolution of the appeal. *See* ECF No. [36].

The decision of whether to reopen a case is granted to the sound discretion of the district court. *See Aronowitz v. Home Diagnostics, Inc.*, 2010 WL 2351468, at *5 (S.D. Fla. June 11, 2010) *aff'd*, 419 F. App'x 988 (Fed. Cir. 2011) (citing *Wells v. Ortho Pharm. Corp.*, 615 F. Supp. 262, 298 (D.C. Ga. 1985)); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331-32 (1971).  Generally, federal district courts and courts of appeals are greatly discouraged from simultaneously asserting jurisdiction over a case.  Indeed, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  The Eleventh Circuit in

---

[1] Typically, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 18 U.S.C. § 1447(d).  However, "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." *Id.*  As Defendant CarePlus removed this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a), the Court's decision regarding remand is appealable to the Eleventh Circuit Court of Appeals.

*Blinco* opted to resolve an issue of first impression: whether a party is entitled to a stay of the district court proceedings until resolution of an appeal from a denial of arbitration. *Id.* Finding that a stay of the district court proceedings was warranted, the Eleventh Circuit reasoned that, as long as the appeal was non-frivolous, the district court should stay litigation since the appeal was determinative of the venue where the case was to be litigated. *Id.* Defendant implores the Court to draw an analogy to the instant issue because the appeal of the motion to remand will determine whether Skiles' claim is properly pursued in federal or state court. However, the Eleventh Circuit in *Blinco* was presented with a procedurally distinct issue that ultimately controls the outcome here.

The district court in *Blinco* denied a motion to compel arbitration and then subsequently refused to grant a stay pending appeal. *Id.* at 1250. Thus, after the denial of arbitration, the district court had concluded that it retained jurisdiction over the matter. This is inapposite to the case at bar where this Court has remanded the matter to state court, finding that it does not have subject matter jurisdiction over the dispute. The Court does not dispute that the appeal will determine the proper forum, like in *Blinco*. Nevertheless, as this Court has already ascertained that the Florida state court maintains jurisdiction over this matter, *Blinco* is inapplicable.

Several courts outside of this Circuit have provided analogous guidance on this issue, finding that a stay after an appeal of an order remanding a case to state court is warranted under the Class Action Fairness Act ("CAFA"). *See Dalton v. Walgreen Co.*, 2013 WL 2367837 (E.D. Mo. May 29, 2013); *Raskas v. Johnson & Johnson*, 2013 WL 1818133 (E.D. Mo. Apr. 29, 2013); *Lafalier v. Cinnabar Serv. Co.*, 2010 WL 1816377 (N.D. Okla. Apr. 30, 2010); *see also Smith v. Am. Bankers Ins. Co. of Florida*, 2011 WL 6399526 (W.D. Ark. Dec. 21, 2011) (engaging in stay analysis despite remanding the case to state court); *Indiana State Dist. Council*

*of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, 2005 WL 2237598 (M.D. Tenn. Sept. 12, 2005) ("If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one."). Like 28 U.S.C. § 1447(d), CAFA provides an exception to the general prohibition against appellate review of remand orders. *See* 28 U.S.C. § 1453(c)(1) ("[N]otwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed . . . ."). Accordingly, these courts have found that reopening of the case for the limited purpose of staying the remand order is appropriate. *See Dalton*, 2013 WL 2367837, at *1; *Raskas*, 2013 WL 1818133, at *1; *Lafalier*, 2010 WL 1816377, at *1. Despite previously finding that they lacked subject matter jurisdiction over their respective cases under the CAFA, these courts have stressed that to find that a district court lacks the limited jurisdiction to stay in such situations would render the right to appeal "hollow." *See Dalton*, 2013 WL 2367837, at *1 (citing *Raskas*, 2013 WL 1818133, at *1). According to Defendant, the thought process developed in these cases is applicable to the instant case as indicated by the legislative history of 28 U.S.C. § 1447(d).

The provision permitting the appeal of remand orders based on the federal officer removal statute was only recently added to the statutory scheme. *See* Removal Clarification Act of 2011, Pub. L. No. 112-51 § 2, 125 Stat. 545 (November 9, 2011). The legislative history notes that "[t]he purpose of the removal statute, clarified by H.R. 368, is to ensure that State courts lack the authority to hold Federal officers criminally or civilly liable for acts performed in the execution of their duties." H.R. Rep. No. 112-17, at 1-2 (2011), *reprinted in* 2011 U.S.C.C.A.N. 420, 420-21 (noting that "[t]o suggest otherwise would potentially subject Federal officers to harassment, thereby compromising Federal Government operations"). Although the

bill was enacted to address the problem of state pre-civil suit discovery statutes, the legislature was clear that amendment to the removal statute was intended to remedy a situation where federal officers "cannot find their way back to Federal court." *Id.* at 2-4.  Yet this does not necessitate the conclusion Defendant seeks.  Denial of Defendant's requested relief will not necessarily prohibit the purported federal officer from making its way back into federal court.

Moreover, while several courts have found that a reopening for the limited purpose of staying the case is in line with CAFA's appeal exception, others have found that once a district court has determined that it lacks subject matter jurisdiction, the initiation of stay is inappropriate. In *Migis v. AutoZone, Inc.*, the district court remanded the case to state court for failure to satisfy the amount in controversy requirement.  2009 WL 690627, at *1 (D. Or. Mar. 6, 2009).  Pursuant to CAFA, the defendant appealed the remand decision to the Ninth Circuit.  *Id.* Pointing to the risk of parallel litigation and potentially wasted resources, the defendant subsequently filed a motion to stay or to reconsider the closure of the case in the district court. *Id.*  The district court rejected this contention, holding that it lacked the jurisdiction to provide the relief requested and declining to address the merits of the motion itself.  *See id.* at *2. Similarly, in *In re Oxycontin Antitrust Litigation*, after remanding for lack of subject matter jurisdiction, the Southern District of New York determined that once a certified copy of the remand order was mailed to the state court pursuant to 28 U.S.C. § 1447(c), the district court "was without authority to act on a motion in the case," including the motion to stay.  *See* 2011 WL 4801360, at *1-2 (S.D.N.Y. Oct. 6, 2011) (citing *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307 (2d Cir. 2005)).

Thus, district courts appear to be divided on the matter.  Nonetheless, the language of § 1447(c) is straightforward: once a certified copy of the order of remand is mailed to the clerk

of the state court, "[t]he State court may thereupon proceed with such case."  28 U.S.C. §

1447(c).  Defendants request the Court to reopen this case with the simple goal of stripping the

state court of jurisdiction—jurisdiction which this Court has found to be proper.  Acceding this

request would necessarily involve an action contrary to § 1447(c).  While this decision may

ultimately conflict with the theory of appellate review under § 1447(d), this Court must give

credence to the language of the statute, and the statute unequivocally indicates that once a

remand is ordered and the letter is received by the state court, the state court may proceed with

the case.  *See* 28 U.S.C. § 1447(c); *see also Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d

Cir. 2005) (noting that § 1447(c) "creates legal significance in the mailing of a certified copy of

the remand order in terms of determining the time at which the district court is divested of

jurisdiction"); *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th

Cir. 1988) ("Once a district court certifies a remand order to state court it is divested of

jurisdiction and can take no further action on the case.").[2]  Congress is free to clarify this matter

through amendment; however, given the statute as written, the Court must abstain from entering

orders that conflict with the state court's proper exercise of jurisdiction.

As the Court now finds that it lacks the appropriate authority to reopen this case, it need

not address the four factors elucidated by *Garcia-Mir v. Meese*, 781 F.2d 1450 (11th Cir. 1986).

Until the Eleventh Circuit renders a decision as to whether the instant litigation is appropriately

pursued in federal district court based on 28 U.S.C. § 1442(a)(1), this matter is not within the

purview of this Court.  For these reasons, it is hereby **ORDERED AND ADJUDGED** that

---

[2] The Court is cognizant of the fact that these cases not only predate the amendment to 28 U.S.C.
§ 1447(d), but also were concerned with reconsideration of the remand order, not a reopening
and stay.  Nonetheless, the logic contained therein is applicable here.  Once the district court has
been divested of its jurisdiction, it may not take further action which conflicts with state court's
ability to proceed on the case.

Defendant CarePlus Health Plans, Inc.'s Motion to Reopen and for Stay Pending Appeal, **ECF No. [36]**, is **DENIED**.

      **DONE AND ORDERED** in Fort Lauderdale, Florida, this  15th day of October 2014.

_____

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record